(78 Misc. Rep. 142.)

MEADE v. LIEDERMAN.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

GUARANTY (§ 36*)—CONTRACT—CONSTRUCTION—LIABILITY OF GUARANTOR.

Under a contract guaranteeing to plaintiff the payment of taxes on certain premises in which she was interested, and providing that on the guarantor's default, the plaintiff would thereby be released from her obligation to extend a certain mortgage on such premises, the guarantor was liable for the amount of such taxes, which plaintiff paid after failure of the principal to pay the same; it being immaterial that no right to sue on the guaranty was specifically expressed, and the provision for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff's release from extension of the mortgage in no way detracting from the guarantor's liability.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Mary Meade against John E. Liederman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Engel Bros., of New York City (Isidore Schneider, of New York City, of counsel), for appellant.

John R. Jones, of New York City, for respondent.

SEABURY, J. The plaintiff brings this action upon a written instrument, signed and delivered to her by the defendant, of which the following is a copy:

"For and in consideration of the sum of one ($1.00) dollar, and other good and valuable considerations, to me in hand paid by Mary Meade, of New York City, the receipt whereof is hereby acknowledged, I, John E. Liederman, of New York City, do hereby guarantee unto the said Mary Meade, or her assignee, the payment of the 1911 land taxes, amounting to $129.18 (exclusive of interest), by the owner or owners of premises No. 356 East 145th street, New York City, in which I am now interested, on or before March 15, 1912. In the event of my failure to so pay the same on or before said date, said Mary Meade is hereby released from her obligation to me, heretofore made, for the extension of the second mortgage of $3,000 covering premises No. 519 West 27th street, New York City.

"Dated New York, February 7, 1912.          John E. Liederman."

At the time this instrument was executed, the plaintiff was the owner of a second mortgage of $2,250 on the premises No. 356 East 145th street, which was to become due and payable in October, 1912, and contained a provision that the whole amount of the principal sum thereof should become due at the option of the plaintiff, as mortgagee, after default in the payment of any tax imposed upon the premises covered thereby for 20 days after notice and demand. The defendant gave the instrument quoted above in consideration of the plaintiff's agreement to refrain from foreclosing the mortgage upon said premises. The taxes were not paid before March 15, 1912, and were subsequently paid by this plaintiff.

The appellant contends that, under this instrument of guaranty, the only remedy secured to the plaintiff, in the event of the failure of the defendant to pay the taxes, was that she was released from her obligation to extend a second mortgage, which plaintiff held upon other premises in which defendant was interested. We do not think that such an interpretation can reasonably be put upon the instrument in question. As we read it, it deals with two subjects. The first has to do with the taxes upon the 145th street property. These, the defendant agrees, in language unambiguous,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to pay. The second subject dealt with in this instrument is contained in the last clause. Here it is made evident that the plaintiff was, at the time of the making and delivery of the guaranty, obligated to the defendant guarantor to extend a mortgage which she then held upon property in 27th street. In addition to agreeing to pay the taxes on the 145th street property, the defendant agrees to relieve the plaintiff from her obligation to extend the mortgage on the 27th street property, if he defaults in the payment of taxes upon the property in 145th street. This last clause was intended to release the plaintiff from her obligation to extend the mortgage on the 27th street property, and not to release the defendant from the obligation which it was the very purpose of this agreement of guaranty that he should assume. In the event of the failure of the owner to pay the taxes, the defendant obligated himself to pay them. This obligation was unconditional. If he defaulted in this obligation, it followed, as a matter of course, that he could be sued upon it. It was unnecessary for the instrument so as to provide, because such was its evident purpose. The plaintiff had the right to sue, as a matter of law, and therefore the right need not be specifically expressed. In addition to this, if the defendant did not keep his obligation as guarantor, and pay the taxes on the 145th street property, that fact furnished a very good reason why the plaintiff should insist upon being released from the obligation, which she was then under to the defendant, to extend the mortgage on the 27th street property. When the instrument is read in the light of the circumstances of the parties and the relation which they sustained to one another, we think that it is only susceptible of the interpretation which we have placed upon it.

It follows that the judgment recovered in favor of the plaintiff should be affirmed, with costs. All concur.